IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CMMI INSTITUTE LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 22-1214 |
| v. ) | Judge Cathy Bissoon |
| ) | |
| ACME PROCESS GROUP LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

### I.  MEMORANDUM

Plaintiffs' Motion for Default Judgment (**Doc. 47**) against Acme Process Group LLC, and their Motion to Dismiss (**Doc. 54**) against Dr. Leigh Riley will be granted.

Plaintiffs CMMI Institute, LLC and Information Systems Audit and Control Association, Inc. (collectively, "CMMI") filed this lawsuit seeking judicial declarations that their terminations of the Acme and Riley agreements were lawful, *see* Compl. (Doc. 1) at ¶¶ 6, 33–44, and now ask the Court for an entry of default judgment against Acme, per Federal Rules of Civil Procedure 55, and the dismissal of Dr. Riley's counterclaims (Counts II–VII), per Rule 12(b)(6).

After nearly two years of failing to respond to the Complaint, *see* CMMI Default J. Br. (Doc. 48) at 3 (citing Proof of Service (Doc. 15)), and having failed to retain counsel as a limited liability corporation or provide any indication to the Court that it intends to do so,[1] the Court finds the entry of default judgment is warranted.  *See* Dougherty v. Snyder, 469 F. App'x 71, 72 (3d Cir. Mar. 21, 2012).  Importantly, the entry of default has been entered against Acme, *see*

---

[1]  For avoidance of doubt, this Court had no duty to direct Acme to obtain counsel.  Shulman v. Chromatex, Inc., 2009 WL 159197, at *2 (M.D. Pa. Jan. 22, 2009) ("Plaintiffs failed to cite any legal authority imposing upon this court a duty to direct a party to obtain new counsel. Therefore, although we strongly encourage the Chromatex Defendants to obtain new counsel, we will not direct then to do so.").

Entry of Default (Doc. 28), and the *Chamberlain* factors satisfied.[2]  Moreover, CMMI has not requested any monetary damages that would require a hearing.  *See* Compl. 9; *see also* Mot. Default J. & Br.  Thus, CMMI's motion against Acme is granted.[3]

The Court finds CMMI's motion to dismiss should be granted and Counts II through VII of Dr. Riley's counterclaims be dismissed with prejudice.  As the Court has noted in its previous opinion, Dr. Riley's filings are "replete with mixed legal rules and irrelevant legal theories." Memorandum Order (Doc. 51) at n.1.  Dr. Riley asserts an unjust enrichment claim (Count II) but concedes that the parties have a written contract, Riley Ans. (Doc. 52) ¶ 1, which also serves as the basis for her breach of contract counterclaim (Count I), *id*. ¶¶ 2–6 under Count I.  Further, as CMMI highlights, unjust enrichment is not permitted where a contract exists.  *See* Coldwell Banker Phyliss Rubin v. Romano, 619 A.2d 376, 381 (Pa. Super. Ct. 1993).  Dr. Riley's "punitive damages counterclaim" (Count III) fares no better.  Moreover, punitive damages does

---

[2] Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Here, the first *Chamberlain* factor weighs in favor of default judgment.  Given the length of delay, Plaintiffs will be prejudiced as their contractual rights will go unenforced simply because Acme refuses to respond or retain counsel as a limited liability corporation.  The weight of the second factor is unknown as Acme has failed to file an answer or otherwise plead.  The third and last *Chamberlain* factor weighs in favor of default judgment as Acme's delay is due to its culpable conduct because it failed to retain counsel in this case and, again, failed to indicate whether it intends to do so.

Moreover, the unchallenged facts constitute a legitimate cause of action that CMMI properly terminated the Acme agreement.  Taking the facts as true at this stage of the litigation, Acme was bound by the agreement, Compl. ¶ 44 (citing Section 8.2 of the Acme Agreement), which allows for termination with or without cause, and CMMI provided 30 days' notice, or had cause been required, CMMI could establish termination for cause, as well.

[3] Acme has not moved to set aside an entry of default.  *See generally* Case No. 22-1214 Docket. The Court agrees with CMMI and does not construe Dr. Riley's Response (Doc. 21) filed in opposition to the request for default as one requesting that it be set aside.  *See* CMMI Default J. Br. 3.  Dr. Riley indicated that she does not represent Acme, *see* Default J. Resp. ¶ 1, nor could she as a non-attorney.  *See* CMMI Default J. Br. 3 (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–02 (1993)).

not constitute a cause of action nor is recoverable in an action for a breach of contract as a matter of law. *See* CMMI Mot. Dismiss Br. (Doc. 55) 2–3 (quoting Nix v. Temple Univ. of Comm. Sys. of Higher Educ., 596 A.2d 1132, 1138 (Pa. Super. Ct. 1991) ("A request for punitive damages does not constitute a cause of action in an[d] of itself. Rather, a request for punitive damages is merely incidental to a cause of action."); Thorsen v. Iron & Glass Bank, 476 A.2d 928, 932 (Pa. Super. Ct. 1984) ("The law is clear that punitive damages are not recoverable in an action for breach of contract.")). Dr. Riley seems to make the most headway with her defamation counterclaim (Count IV) but still falls short even under a liberal construction. She simply alleges that on May 26, 2022, CMMI caused "various violations against Riley, which were not vetted through an audit." Riley Ans. ¶ 4. The only facts related to May 26, 2022, is an email from ISACA's legal counsel in **response** to Dr. Riley's email threatening to take legal action if CMMI did not respond to her claim that she was wrongfully decertified. *See* May 26, 2022 Email, Ex. G (Doc. 53-6). Taking these facts as true, it is implausible that this text could rise to the level of defamatory statement(s).[4] For these reasons, Counts II through IV fail.

Dr. Riley's remaining counterclaims (Counts V–VII) simply are based on "bare averment[s] that [s]he wants relief and [believes he] is entitled to it." Bell Atlantic Corp. v.

---

[4] Alternatively, Dr. Riley's defamation claim is time-barred for the reasons provided by CMMI. Taking these facts as true, Dr. Riley should have brought a defamation claim within one year (by May 2023) if the alleged defamation statements were made in May 2022.

Twombly, 550 U.S. 544, 556 n.3 (2007) (citation to quoted source omitted).[5]  That is not enough.  Together, the Court has no reason to believe that the pleadings regarding Counts II through VII of Dr. Riley's counterclaims may be cured by amendment.[6]

Finally, CMMI has indicated that it will move for Judgment on the Pleadings regarding Dr. Riley's breach of contract counterclaim (Count I).  *See* Mot. Dismiss Br. n.1.  Thus, the Court will wait to schedule its Initial Case Management Conference once that occurs.

---

[5] For substantially the same reasons provided by CMMI, *see* CMMI Mot. Dismiss Br. ¶¶ 21–34, Dr. Riley's remaining claims are dismissed.  Dr. Riley simply regurgitates the elements of a tortious interference with business relations claim (Count V) and makes blanket assertions that "Riley has lost significant business opportunities," Riley Ans., Count V, ¶ 23, "through their wrongful termination of the CMMI License Agreement and the false allegations made against Riley," *id*. at ¶ 23, and how CMMI "should be held liable for the damages caused by their tortious interference," *id*. at ¶ 25.  Dr. Riley's violation of Due Process (Count VI) claim and negligent representation claim (Count VII) share the same deficiency.  Without providing any facts, Dr. Riley simply alleges that she was "denied a fair and just opportunity to defend herself against the allegations," *id*. at ¶ 27, thereby "violat[ing] the principles of due process," *id*. at ¶ 28, and that CMMI "provided false information and made unfounded allegations against Riley," *id*. at ¶ 31, and how she "relied on the accuracy and truthfulness of the information provided by [CMMI] to her detriment," *id*. at ¶ 32.  Again, that is not enough.  Moreover, as CMMI notes, CMMI and ISACA are not state actors for purposes of Dr. Riley's Due Process claim, *see* CMMI Mot. Dismiss Br. 5, and Dr. Riley not only leaves out the "to whom, when, or where" facts fundamental to her negligent misrepresentation claim, *id*. at 6, but her argument also is "nonsensical" because she alleges "[CMMI] made false allegations about her *to her*," *id*.; Riley Ans. ¶¶ 31–32 ("Plaintiffs provided false information and made unfounded allegations against Riley, leading her to believe that she was in violation of the agreements.  Riley relied on the accuracy and truthfulness of the information provided by Plaintiffs to her detriment.").  For these reasons, Dr. Riley's remaining counterclaims (Counts V–VII) are dismissed.

[6] CMMI argues that Dr. Riley's claims of defamation (Count IV), tortious interference (Count V) and negligent misrepresentation (Count VII) are all barred by the gist of the action doctrine because these tort claims allege CMMI committed wrongful acts when they terminated her contract, which is the gist of her breach of contract counterclaim (Count I).  *See* CMMI Mot. Dismiss Br. 6–7.  The Court agrees.  In response, and much of the same, Dr. Riley's arguments are nonsensical, arguing that the claims are "separable and independent from the contractual relationship," Riley Mot. Dismiss Resp. (Doc. 56) at 9, but goes on to state that the "alleged wrongful acts by the Plaintiffs, *including making unidentified statement about my contractual performance and the manner of terminating the contract*, are distinct from the mere fact of the contract's termination," *id*. (emphasis added).  For this reason, Counts IV, V and VII also are dismissed under the gist of the action doctrine.

The Court hereby enters the following:

## II. ORDER

Based on the foregoing, the Motion for Default Judgment (**Doc. 47**) against Acme Process Group LLC, and the Motion to Dismiss (**Doc. 54**) against Dr. Leigh Riley filed by Plaintiffs CMMI Institute, LLC and Information Systems Audit and Control Association, Inc. (collectively, "CMMI") are **GRANTED**.  Dr. Riley's counterclaims (Counts II–VII) are **DISMISSED WITH PREJUDICE** for failure to state a claim.  The case will proceed on CMMI's declaratory judgment claim against Dr. Riley, and Dr. Riley's breach of contract counterclaim.  The Court will wait to schedule its Initial Case Management Conference once CMMI files its Motion for Judgment on the Pleadings, and the Court has ruled on said motion.

IT IS SO ORDERED.

June 21, 2024                                                                s/Cathy Bissoon
                                                                              Cathy Bissoon
cc (via ECF email notification):                           United States District Judge
Counsel of record & Dr. Leigh Riley